# 96 DTA 86

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS, HUMACAO Y GUAYAMA
PANEL I**

BIRD CONSTRUCTION, CO. INC.
Demandante-Apelada

v.

MUNICIPIO DE NAGUABO
Demandado-Apelante

Núm. KLAN-95-01332

San Juan, Puerto Rico, a 3 de febrero 1996

Panel integrado por su presidente, Juez señor Amadeo Murga,
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Mediante recurso de apelación comparece ante nos el demandado-apelante, Municipio de Naguabo y solicita la revocación de una sentencia sumaria emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao. En la misma, se declaró *"Con Lugar"* una demanda en cobro de dinero pagado por la demandante-apelada, Bird Construction Co., Inc., por concepto de arbitrios de construcción. Revocamos.

# I

Los hechos que motivan el presente recurso no están en controversia. Ambas partes en sus respectivas solicitudes de sentencia sumaria resumieron los mismos de manera idéntica. Veamos.

La apelada, Bird Construction Co., Inc., (Bird) como contratista para el año 1991-92 suscribió un contrato con la Administración de Corrección para la construcción del Proyecto Punta Lima localizado en el Municipio de Naguabo (Municipio). Este, basado en la Ordenanza Número 15, serie 1991-92, posteriormente derogada por la Ordenanza Número 8, Serie 199293, le exigió a Bird el pago de $66,060.60 por concepto de arbitrios de construcción. El 27 de septiembre de 1991 se efectuó el pago de los referidos arbitrios. Tres años, siete meses después, el 25 de abril de 1995, Bird le requirió al Municipio la devolución de lo pagado. El Municipio no respondió a sus reclamos y nuevamente, el 6 de junio de 1995, la representación legal de Bird reiteró el pedido. El Municipio no contestó los requerimientos y el 2 de agosto de 1995 Bird presentó la demanda que originó este pleito. A través de la misma se pretendió obtener la devolución de la suma pagada al Municipio por concepto de arbitrios de construcción puesto que los mismos fueron cobrados indebidamente. Oportunamente, el Municipio contestó la demanda y levantó como defensa que el tribunal de instancia carecía de jurisdicción para entender en la acción ya que había expirado el término de caducidad dispuesto en la Ley de Municipios Autónomos. Ambas partes sometieron peticiones para que se dispusiera del pleito mediante el mecanismo de sentencia sumaria. Finalmente, el 7 de noviembre de 1995 el Tribunal dictó sentencia sumaria y declaró con lugar la demanda presentada por Bird. En la misma concluyó que el Municipio no tenía facultad en ley para imponer tributación sobre la misma actividad y evento económico (arbitrios por patente municipal y el arbitrio de construcción). Además, determinó que la acción en cobro de dinero no estaba prescrita. No conformé con la sentencia, el Municipio presentó el recurso de apelación que nos ocupa.

# II

El arbitrio de construcción y la patente municipal impuesta y pagada por Bird constituye una doble tributación al recaer ambos impuestos sobre el mismo evento económico, es decir, sobre el costo de la obra pagado a Bird. No albergamos dudas de que en el caso de autos concurren los criterios que el Tribunal Supremo esbozó para identificar un esquema de doble tributación: (a) se trata de la misma propiedad; (b) es la misma entidad gubernamental; (c) es el mismo período contributivo; y (d) para el mismo fin. *Las Piedras Construction Corp. v. Municipio de Dorado,* **94 J.T.S. 3,** opinión de 28 de enero de 1994 y *Nogama Construction Corp. v. Municipio de Aibonito,* **94 J.T.S. 73,** opinión de 8 de mayo de 1994. No obstante, a la fecha en que se otorgó el contrato de construcción y se pagaron los arbitrios, no existía disposición alguna en la Ley de Patentes Municipales que permitiera al Municipio establecer un esquema de doble tributación. ■ Es por ello que el arbitrio de construcción impuesto a Bird resultó ser ilegal y por ende el Municipio estaba impedido de cobrar el mismo. La razón para ello se encuentra en la Sección 2 del artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, que en lo pertinente dispone:

*"El poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido."* De lo precedentemente citado surge que para que sea válida y legal una contribución impuesta por un municipio, la misma tiene que tener el previo aval de la Asamblea Legislativa; si no lo tiene, la contribución es inválida e ilegal por sí misma y/o en su aplicación. Por el desarrollo cronológico de los eventos en el presente caso, el Municipio cobró indebidamente el arbitrio de construcción. Establecido ese hecho, es menester determinar si la acción para recobrar el dinero pagado por este concepto se presentó a tiempo. Resolvemos que no; la acción presentada había caducado.

# III

El artículo 15.002 de la Ley Núm. 81 de 30 de agosto de 1991 conocida por la Ley de Municipios Autónomos, 21 L.P.R.A. 4702, en su parte pertinente dispone:

*"El Tribunal Superior de Puerto Rico tendrá jurisdicción exclusiva para entender y resolver instancias de la parte perjudicada sobre los siguientes asuntos:*

*"(a) Revisar o anular cualquier acto legislativo administrativo de la Asamblea, de la Junta de*

*Subasta, del Alcalde o de cualquier funcionario del municipio que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.*

*(b) Para suspender la ejecución de cualquier ordenanza, acuerdo, resolución u orden de la Asamblea, de la Junta de Subasta, del Alcalde y cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por leyes estatales.*

*(c)....*

*(d)....*

*En los casos contemplados bajo los incisos (a) y (b) de esta sección, la acción judicial sólo podrá instarse dentro de los primeros veinte (20) días a contar de la fecha en que el acto legislativo o administrativo haya sido realizado o que la ordenanza, resolución, acuerdo u orden haya sido promulgado o comunicado a la parte querellante, a menos que se disponga otra cosa por ley."*

En el caso de *Nogama Construction Corp. v. Municipio de Aibonito, supra,* el Tribunal Supremo se expresó con relación a cuál es el punto de partida del término jurisdiccional de veinte (20) días dentro del cual puede incoarse una acción judicial. ■ Se nos dijo allí que:

*"Este inciso, (refiriéndose al inciso (a) del artículo 11.02 de la Ley Orgánica de los Municipios, que es igual al artículo 15.002 (a) de la Ley de Municipios Autónomos) es el aplicable a la acción en que se solicite la revisión de algún acto o decisión administrativa en virtud de lo dispuesto por una ordenanza. El mismo se activa cuando se cuestiona una determinación final de un funcionario municipal en un caso particular, en que se le aplican a una persona las disposiciones de una ordenanza. Por ende, el término de veinte días se cuenta a partir de la determinación final del funcionario una vez se agotan los trámites correspondientes. Esta notificación es un requisito del debido procedimiento de ley con el que se debe cumplir de modo tal que el ciudadano afectado pueda enterarse de la decisión final que se ha tocado en su contra." a la pág. 1959.*

En el caso de autos la apelada Bird se ampara en este pronunciamiento para arguir que el Municipio nunca le contestó las cartas enviadas el 25 de abril y el 6 de junio de 1995 en las cuales solicitaba el reembolso del pago por impuestos de construcción, razón por la cual nunca recibió la notificación final de la decisión administrativa y por consiguiente el término de veinte días nunca comenzó a decursar. En la alternativa, nos sugiere que apliquemos el término análogo de prescripción de las acciones en cobro de dinero. No nos persuaden sus bien elaborados argumentos. El caso de Nogama es distinguible de la situación fáctica del que nos ocupa. En aquél, el demandante nunca le pagó al Municipio de Aibonito la suma correspondiente al pago de arbitrios de construcción; Nogama siempre exigió que se le eximiera de dicho pago; cuestionó la legalidad del arbitrio y ello trajo como consecuencia una serie de reuniones y comunicaciones entre los representantes de las partes. En vista de que el tiempo transcurrió sin que el Municipio produjera la notificación de su decisión final con respecto a la deuda contributiva, Nogama acudió al tribunal de instancia en solicitud de una sentencia declaratoria que le relevara de la aplicación de la ordenanza que disponía para el cobro de arbitrios. En el caso de autos, Bird pagó el arbitrio de construcción el 27 de septiembre de 1991 y no fue hasta el 25 de abril de 1995 que por primera vez protestó. ¿Es a partir de esta gestión afirmativa que comienza a correr el término de veinte días? Entendemos que no. De acoger esta interpretación estaríamos dejando al arbitrio de una parte el momento en que comienza a decursar el término de caducidad. Si reducimos al absurdo este planteamiento tendríamos que aceptar que si pasados 10, 20 ó 30 años, Bird hubiese decidido solicitar el reembolso, entonces tendría veinte días para ejercitar su acción, contados éstos desde que el Municipio le hubiese notificado de su decisión final. Definitivamente esa interpretación no puede sostenerse. En las circunstancias particulares de este caso, tampoco sería aceptable resolver que el término comenzó a decursar desde la aprobación y/o notificación de la ordenanza. Tal interpretación supondría la obligación al contratista de impugnar la ordenanza sin tan siquiera saber si ésta le sería de aplicación. A la fecha de la aprobación de la Ordenanza Bird no había sido contratado por la Administración de Corrección para realizar la obra. Sería igualmente absurdo haberle requerido que impugnara la misma dentro de los veinte días siguientes a su aprobación.

Consideramos que en aquellos casos, como el presente, en que el contratista pagó el arbitrio de construcción, el término de caducidad comenzó a decursar desde que se efectuó el pago. En aquellos casos en que el pago no se hubiese efectuado por razón de la impugnación por parte del contratista, entonces sería aplicable la norma de Nogama. La norma previamente expuesta nos permite armonizar la intención del legislador al establecer un término de caducidad tan corto. Ello es cónsono con el espíritu y la política pública enunciada en la Ley de Municipios Autónomos de garantizar a éstos las *"facultades necesarias en el orden jurídico, fiscal y administrativo para atender eficazmente las necesidades y el bienestar de los habitantes del mismo"*. 21 L.P.R.A. art. 1.004.

Por los fundamentos que anteceden revocamos la sentencia del Tribunal de Primera Instancia, Sala Superior de Humacao.

El Juez Rivera Pérez concurre con el resultado sin opinión escrita.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Notifíquese por la vía ordinaria.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 96 DTA 86

**1.** El 17 de noviembre de 1992 la Asamblea Legislativa de Puerto Rico aprobó la Ley Número 93, mediante la cual se enmendó la sección 3 de la Ley de Patentes Municipales que faculta a los municipios a establecer una doble tributación.

**2.** En *Nogama* se interpretó el artículo 11.02 de la Ley Orgánica de los Municipios, Ley Núm. 146 de 18 de junio de 1980. Esta fue derogada por la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991. No obstante el artículo pertinente al caso de marras permaneció inalterado por la nueva ley.